

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | Jo. Darrah |
|---|---|---|---|
| **CASE NUMBER** | 13 C 1836 | **DATE** | 4-24-13 |
| **CASE TITLE** | Eric Stokes (2011-1205191) vs. Correctional Officer Foster | | |

### DOCKET ENTRY TEXT

The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 4), is granted. The Court authorizes and orders Cook County Jail officials to deduct $10.33 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. The clerk is directed to issue a summons for service on the defendant Foster by the U.S. Marshal. The clerk is further directed to send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. Defendants Superintendent Thomas and Sheriff Tom Dart are dismissed. Plaintiff's motion for assistance of counsel (Dkt. No. 3), is denied without prejudice.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

   Pro se plaintiff Eric Stokes, a Cook County Jail detainee, has brought a civil rights suit pursuant to 42 U.S.C. § 1983. Pending before the Court are plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 4), complaint for an initial review pursuant to 28 U.S.C. § 1915A, (Dkt. No. 1), and motion for assistance of counsel. (Dkt. No. 3).

   The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 4), is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $10.33. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

Plaintiff alleges that a fight broke out while he was detained at the Cook County Jail on July 26, 2012. He was placed in handcuffs and put on the floor by defendant correctional officer Foster. This allowed a fellow inmate to stab plaintiff five times in his head, face and chest.

Plaintiff may proceed with a claim for deliberate indifference to the known risk of assault against officer Foster. *Grieveson v. Anderson*, 538 F.3d 763, 775 (7th Cir. 2008). Defendants Superintendent Thomas and Sheriff Tom Dart are dismissed. Plaintiff fails to plausibly allege that these defendants were personally involved with incident. Their status as supervisors is an insufficient basis for holding them liable. *Vance v. Rumsfeld*, 701 F.3d 193, 203 (7th Cir. 2012) (en banc) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676-77 (2009)).

The Clerk is instructed to issue a summons for service on defendant correctional officer Foster and send plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. The United States Marshals Service is appointed to serve defendant Foster. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve defendants. With respect to any former employees who no longer can be found at the work address provided by the plaintiff, the Cook County Jail shall furnish the Marshal with defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. Plaintiff is to provide the U.S. Marshals Service with a copy of the complaint and a proper form for request of waiver pursuant to Federal Rule of Civil Procedure 4(d)(1). The U.S. Marshals Service is requested to mail the complaint and appropriate papers for waiver of service by first-class mail to the named defendant pursuant to Rule 4(d)(1)(G).

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete Judge's copy, including any exhibits, of every document filed. In addition, plaintiff must send an exact copy of any court filing to defendants [or to defense counsel, once an attorney has entered an appearance on behalf of defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the Judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to plaintiff.

Plaintiff's motion for assistance of counsel (Dkt. No. 3), is denied without prejudice because he has failed to make a reasonable effort to obtain his own attorney. *Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010); *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc). Plaintiff must request pro bono assistance from law firms or legal assistance organizations before he may request counsel from the Court. He should include copies of the letters he receives from these entities responding to his requests in any renewed motion for counsel.